**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH DAKOTA**

ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA  57501-2463

**IRVIN N. HOYT**  
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560  
FAX (605) 224-9020

February 1, 2006

James E. Carlon, Esq.
Counsel for Debtor
Post Office Box 249
Pierre, South Dakota  57501

Dale A. Wein,
Chapter 13 Trustee
Post Office Box 1329
Aberdeen, South Dakota  57402-1329

Bruce J. Gering.
Assistant United States Trustee
230 South Phillips Avenue, Suite 502
Sioux Falls, South Dakota  57104-6321

      Subject:  *In re Jacqueline L. Otteson*,
                Chapter 13, Bankr. No. 05-30005

Dear Counsel and Trustees:

    The matter before the Court is the Application for Approval of Attorneys Fees filed by James E. Carlon, counsel for Debtor, and the objections filed by Chapter 13 Trustee Dale A. Wein and Assistant United States Trustee Bruce J. Gering.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, Attorney Carlon's Chapter 7 fees are a general unsecured claim against the estate.  Only his Chapter 13 fees will be allowed as an administrative expense.

    *Summary*.  Jacqueline L. Otteson ("Debtor") filed a Chapter 7 petition in bankruptcy on January 20, 2005.  Assisting her as her bankruptcy counsel was James A. Carlon.  Attorney Carlon disclosed he received $700.00 from Debtor pre-petition for legal services and $249.60 for costs, including the filing fee and taxes.

    During the course of administration, Chapter 7 Trustee John S. Lovald sought from Debtor a turnover of the equity in her home

In re Otteson
February 1, 2006
Page 2

above the allowed homestead. By Trustee Lovald's estimate, equity available for the estate was $40,000.00. On May 25, 2005, Debtor voluntarily converted her case to Chapter 13, apparently to protect the equity in her home.

Debtor filed a Chapter 13 plan on May 25, 2005. Objections were filed by Chapter 13 Trustee Dale A. Wein and the Internal Revenue Service. One basis of the I.R.S.'s objection was the plan failed to provide a right of setoff for the I.R.S. Debtor filed a modified plan on September 14, 2005. The I.R.S. objected, again because the plan did not provide for a right of setoff. The objection was resolved with a setoff clause being included in a Plan as Confirmed.

On October 19, 2005, Attorney Carlon filed an application for fees. He sought total fees (compensation of services and reimbursement of expenses) of $3,167.91.[1]

Trustee Wein objected because over half of Attorney Carlon's fees were spent on Chapter 7 services, some of which were rendered post-petition and did not benefit the Chapter 13 creditors. He also noted Debtor's Plan as Confirmed only funded attorneys' fees of $1,500.00. Trustee Wein did not want additional payments to Attorney Carlon to reduce the payments to unsecured creditors. The United States Trustee objected to Attorney Carlon's fees on the grounds that any post-petition, pre-conversion Chapter 7 fees should not be treated as an administrative claim against the estate. He calculated these fees totaled $772.50 and alleged the related services were primarily devoted to resisting the Chapter 7 trustee's efforts to recover nonexempt property.

*Discussion*. Since amended in 1994, 11 U.S.C. § 330(a) no longer permits a Chapter 7 debtor's attorney's fees to be paid from the bankruptcy estate. Consequently, they cannot be paid as an administrative expense under 11 U.S.C. § 503(b)(2).

---

[1] In his fee application, Attorney Carlon disclosed Debtors paid him an additional $152.96 on March 24, 2005. This additional payment, as well as his arrangement with Debtor regarding his Chapter 13 fees, should have been disclosed in a supplemental disclosure of compensation. *See* Fed.R.Bankr.P. 2016(b) and Local Bankr. R. 2016-1(a).

In re Otteson
February 1, 2006
Page 3


>    Prior to the Supreme Court's January 25, 2004 ruling in *Lamie v. United States Trustee*, 124 S.Ct. 1023 (2004), this Court generally allowed a chapter 7 debtor's attorney reasonable compensation from the bankruptcy estate for "basic" chapter 7 services. Such basic services included analyzing the debtor's financial condition, rendering advice and assistance to the debtor in determining whether to file a petition in bankruptcy; preparing the petition, the schedules of assets and liabilities, and the statement of financial affairs; and representing the debtor at the § 341 meeting of creditors. *See, e.g., In re Lorraine M. Hankins*, Bankr. No. 01-41241, slip op. at 3-6 (Bankr. D.S.D. May 9, 2003); *In re Robert L. Boeka, Jr.*, Bankr. No. 01-40301, slip op. at 2-4 (Bankr. D.S.D. July 11, 1996); and *In re Tommy O. and Diane E. Rice*, Bankr. No. 93-40057, slip ops. (Bankr. D.S.D. Dec. 18, 1995 and August 14, 1995). Following *Lamie*, however, the Court may no longer do so. A chapter 7 debtor's attorney may not be compensated by the bankruptcy estate for *any* services rendered after January 25, 2004, unless the attorney is employed by the case trustee for a specific purpose. *Lamie*, 124 S.Ct. at 1031-32; *In re Danny C. and Marla J. Wolff*, Bankr. No. 03-40853, slip op. at 3 (Bankr. D.S.D. May 17, 2004; *In re Linda L. Rosenow*, Bankr. No. 99-50365, slip op. at 4 (Bankr. D.S.D. Feb. 9, 2004).

*In re Bradley M. and Debra J. Doerr*, Bankr. No. 01-40036, slip op. at 2 (Bankr. D.S.D. August 25, 2004). Consequently, a Chapter 7 debtor's attorney needs to receive before the petition is filed all his fees for pre-petition services and expenses. *Fiegen Law Firm v. Fokkena (In re On-Line Services, Ltd.)*, 324 B.R. 342, 346-47 (B.A.P. 8th Cir. 2005).

Fees for Chapter 7 services rendered post-petition are the debtor's personal responsibility to pay from non bankruptcy estate assets. Only if the attorney is formally employed by the case trustee can the attorney's post-petition fees be compensable from the estate. *On-Line Services*, 324 B.R. at 348.

When a case is converted from Chapter 7 to a Chapter 13, a slightly different result is reached. The attorney's unpaid, pre-conversion fees for Chapter 7 services and expenses become a general unsecured claim against the estate. 11 U.S.C. § 348(d).

In re Otteson
February 1, 2006
Page 4


The fees can then be paid under the debtor's Chapter 13 plan with other general unsecured claims. The attorney needs to timely file a proof of claim for these fees (compensation for services, reimbursement for expenses, and applicable sales tax), which, of course, are subject to objection under 11 U.S.C. § 502 and Fed.R.Bankr.P. 3007. In contrast, the attorney's reasonable Chapter 13 services and related expenses can be paid from the estate as an administrative expense. 11 U.S.C. §§ 330(a), 503(b), 507(a)(1), and 1322(a)(2).

Attorney Carlon's Chapter 7 fees in this case include $1,657.50 for services through May 24, 2005 (excluding the time spent drafting Debtor's conversion motion and plan that day), sales tax of $96.14, and related expenses of $237.03, for a total of $1,990.67. From this total, Debtor's payments of $950.00[2] and $152.96 must be deducted, leaving an unpaid balance of $887.71. While Attorney Carlon did not timely file a proof of claim, the Court will allow him to do so promptly so his claim for Chapter 7 fees can be paid. If the Plan as Confirmed needs to be modified so other unsecured creditors are not penalized by the inclusion of this late claim, Debtor should file the necessary motion to modify.

Attorney Carlon's allowable Chapter 13 fees include $1,080.00 for legal services, sales tax of $62.64, and related expenses of $34.60, for a total of $1,177.24  These are well within the allowance made in the Plan as Confirmed and may be paid according to its terms.

An appropriate order will be entered.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

INH:sh

CC:  case file (docket original; serve parties in interest)

---

[2]The amount set forth in Attorney Carlon's Disclosure of Compensation was forty cents less.